Mr. is it CMO? CMO, yes. All right. Good morning, may it please the court. I am here representing John Germeraad, the Chapter 13 trustee and appellant in this case. We are here on two issues, a challenge to this court's jurisdiction on the basis of non-finality and mootness, as well as the underlying legal question of whether a bankruptcy court can enter an order modifying a bankruptcy plan based on increased income. As to the issue of finality, the test is the standalone test, which is to determine whether the bankruptcy court's order resolved a discrete dispute within the bankruptcy case, even if it did not resolve the bankruptcy case itself. Recently, in Bullard v. Blue Hills Bank, the Supreme Court addressed finality in the context of plan confirmation, which is very similar to plan modification. In the context of plan confirmation, the Supreme Court stated that there are really three ways for a hearing on confirmation to be concluded. The plan could be approved, which would be a final order. The plan could be denied with leave to amend, which the Supreme Court held was not a final order. Or the plan could be denied without leave to amend, which the Supreme Court held would be a final order. In plan modification, it's very similar. A modification can be approved, and comparatively would be a final order. A modification could be denied with leave to amend, like in the Carricaccio's case cited by the appellee, and that would be a non-final order. Or the modification can be denied without leave to amend, which is what happened here, and which would be a final order. Now, in Bullard v. Blue Hills, the Supreme Court does reference dismissal of the case as part of finality. However, that portion of the opinion is inapplicable in the context of plan modification. Under Section 1307, dismissal of a plan with prejudice is cause for conversion or dismissal. The reason for this is that only a debtor can propose a Chapter 13 plan, but the Chapter 13 trustee, the debtor, or an unsecured creditor can propose modification of a Chapter 13 plan. Okay, can you move on to the mootness issue? Because I'm having a hard time understanding why we shouldn't dismiss this as moot. So, I guess the big question is, in terms of the merits, how would the default be cured since the debtors have already made all their payments and it's over five years? Well, in the Mesa case, there was also not a stay pending of the appeal, and the debtors had paid their underlying plan off, which was their entire argument in the Fifth Circuit case in Ray Mesa. And the court found that because there was a legal error in denying the plan modification, it could still be granted. Under Section 1329b2 of the Bankruptcy Code, when a modification is proposed, it becomes the plan unless and until it was disapproved. So, effective relief is still available because if the denial of modification is reversed, either by this court, by the district court on appeal, on remand, then the trustee's motion to modify automatically becomes the plan. Disapproval is vacated, the trustee's modification is the plan. That plan has not been completed. So, is it like a nunk-pro-tunk where if the plan is modified, then it's sort of retroactive and you're operating under different rules? Is that how it works? Well, the trustee's request for modification was that the dividend to unsecured creditors be increased from approximately $22,500 to $38,800 and a little bit more. That is the relief that is still being requested. It is true that if ultimately the Bankruptcy Court's denial of our motion is vacated as an abuse of discretion, then that is the dividend that the debtors will have to pay and they will be in default of that proposal. Was there a discharge ever? There has not been a discharge entered. No. Would it be different if there had been a discharge? I think that if a discharge had been entered, we would have objected to that discharge and sought to have it vacated because whether or not they have completed payments of the underlying plan doesn't impede effective relief in this case because if the denial of the modification is vacated, the trustee's modification can still be granted. The payments will not have been completed because the trustee was seeking that higher dividend. That's very much like MESA. Let me ask you this. If the debtors had made a motion for downward modification, then loss, then appealed without seeking a stay, and the District Court was ready to decide after the debtors had made all their payments and the five years were over, would a court have authority to order relief for the debtors in that situation? Yes. Why? I think that they would have to object if the notice of completion of payments was entered, but again, if it was reversed, the denial of the modification was reversed, then they wouldn't have completed payments under the plan any longer. Again, the test for mootness is whether effective relief is still available. So if they were to seek such an appeal and the modification was reversed, then it could still be granted because their modification would be the plan that they proposed. And that is very important on this case overall because a modification can only be sought after a plan is confirmed. That's what Section 1319 states, any time after the plan is confirmed, the trustee or the general creditors or the debtors can seek plan modification. In this case, we filed our motion to modify in June 2013. That was just three years into this five-year plan. So after all of the evidentiary hearing, the gathering of facts, the bankruptcy court's opinion, this was appealed to the District Court, and now we have reached this level. It would be very unlikely that an appeal could get all the way to this stage or a higher stage within that five-year period. And for a below median income debtor, the applicable commitment period is only three years. So trying to get from plan confirmation to some change in circumstances after plan confirmation and ultimately an appeal process being resolved, it's just not going to happen within three years. So that's more of a practicality argument. But the question of whether effective relief is still available is still there. If the denial of the trustee's motion to modify is vacated, that can still become the plan. And again, in the Mesa case, it was the exact same situation. The debtor's whole argument was we completed the payments, the trustee's motion had been denied at the bankruptcy court, so that should end this appeal. And the Fifth Amendment denial of modification and the bankruptcy court should consider whether or not the modification should be granted. We're asking for very similar relief. We're asking for this to be sent back to the District Court on remand for the District Court to consider whether there were any clear errors in the bankruptcy court's decision and whether the bankruptcy court abused its discretion. The appellee has conceded that the overall relief sought by the trustee, whether or not a plan can be modified based on increased income, that such a relief is available. But the bankruptcy court and District Court held otherwise. For decades, the unanimous national precedent has been well settled that Section 1329A provides justifications for modification and that one of these unstated justifications is an increase in income. Was the bankruptcy court's view on this, would you characterize it as sort of eccentric and not consistent with? It is entirely inconsistent with the entire history of the bankruptcy code. Moreover, it's also inconsistent with the Wachowski case by the Seventh Circuit where the Seventh Circuit held that the motion to modify can be brought under the limited circumstances of 1329A and that 1329B had to be met, which means those code sections had to be complied with. This court added an extension on that, which basically said that Section 1329A is not the source of justifications, but 1329B must be complied with and the motion to modify must be supported by those code provisions. And so it then goes into a long discussion of Section 1325B not applying. But that's not relevant unless you accept this argument that a motion to modify has to be supported by Section 1329B, which is not something that the Wachowski case requires. It's not something that any other prior precedent had required. The main purpose of Section 1329, and it was amended to add a trustee as a party to be able to move to modify, is to be able to seek an increase in the amount to general and circuit creditors. Under the theory of the bankruptcy court, even if the debtor won the lottery, you couldn't change the payments, isn't that right? Possibly. It's not entirely clear. The court has accepted that perhaps liquidation analysis still applies because that is listed as Section 1325A.4, which is applied by Section 1329B. Some courts have looked at lottery winnings as income, some have looked at them as property. So the court might accept lottery winnings as a source of increased payments, but it certainly wouldn't accept an increase in income from, which is in this case approximately 70, during the CMI period, the income was 70,000 from wages. The 2012 taxable income was 132,000, so that's a $6,000 increase. We ultimately stipulated that at the time of what would have been the evidentiary hearing, her income had increased by $4,400 per month. The trustee only sought $670 more per month, so about 15% of a substantial increase as the basis for the modification. The bankruptcy court held that there's really no circumstances, no matter how much income increases, a motion to modify can never be granted. There's no going to be very difficult if a three- or five-year period running moots the appeal, and I think, again, effective relief is still available, wherein there has been no completion of payments, there has been no discharge entered by the bankruptcy court, and the bankruptcy court is aware that the underlying plan has been paid. This was after the appeal, of course, but there was an order entered that vacated the debtor's wage order, so that while this is being determined, they don't consider to have money taken from their wages. But they are on notice of what the trustee has requested, has requested to go to General Unsecured Creditors, so ultimately, if the trustee's motion to modify is granted, they will have to find a way to come up with that money or whatever amount is ultimately determined to be the proper amount for General Unsecured Creditors, and if not, they are in default of their plan. They could face risk of dismissal of their case and not receiving a discharge. They could seek a hardship discharge, or they could seek to work out a way to secure that default. So there is still a way for the General Unsecured Creditors to be given a benefit in this case, even though more than two years after the motion to modify was filed, they paid off the underlying plan. And I just want to reiterate that in Mesa, there wasn't a stay of the district court's order pending appeal either, so factually, it is very similar. Thank you, and I would like to appreciate your time. Thank you. Mr. Weedoff. Thank you, Judge Williams, and may it please the court, my name is Richard Weedoff. My uniform switched on December 1, 2015, Your Honor. But I'm here today on behalf of L.V. Powers asking for one of two things. Either that this court dismiss the appeal on the first instance, and then second, that if it does reach the merits, that the court affirm the decision of the bankruptcy court. So if I can take those in order. This is an appeal from a non-final order without leave of court. The Bullard case of the Supreme Court decided last term holds that the denial of confirmation of a plan is not a final order, and there is essentially no difference between denial of confirmation in the first instance and denial of modification of a plan in the second instance. In either case, the underlying question is what plan will be in effect for a Chapter 13 debtor to make payments to creditors. Confirmation determines that in the initial situation. Modification determines it after the plan is originally confirmed. But when a confirmation is denied, then somebody comes forward with a new plan, but with a modification, there is no new plan. You're just out. So it seems to me that they're not comparable at all. Judge Adelman, the difference is that in either situation, there can be another proposal. Once the trustee's motion was denied to modify the plan on the basis of what the trustee had presented to the court. So then no modification order would ever be final, and then there's another modification that's denied, that's not final. So there's no such thing, in your view, as a final order that's involving modification? The denial would not be final. That's correct. And no matter how many times a proposed plan was denied confirmation, it would not be final. But in a sense, that's required by the nature of Chapter 13. The debtor, after all, is making payments to creditors over a three to five year period. Here it's a five year period. In that five years, any number of changes can take place in the debtor's income and the number of dependents that the debtor has and the debtor's other expenses, the debtor's health. Every time there's a change like that, there's a potential for a modified plan. So the district court shouldn't have ever heard this case in the first place? That's correct. What should have happened if the trustee believed there was an issue of law that really needed to be decided and couldn't be effectively decided without an appeal of an interlocutory order, Section 158 of Title 28 would allow the trustee to come to court, seek a stay of the matter in the bankruptcy court so that no activity took place while the matter was pending an appeal, and then there could have been a determination of contested legal issue. But it seems to me that the stay is probably a better choice. It would have been a better choice in this situation. I think it would have been essential because this will get to the second of the grounds for dismissal, but the matter has become moot. The debtor did everything the debtor was required to do. The debtor complied with the terms of the confirmed plan that was in place at the time the debtor was in bankruptcy. The debtor paid all the payments that were required, and but for the fact that administratively there's no discharge on her, there should have been a discharge on her. There would have been a discharge on her. But again, the important thing I want to get across is that what we're dealing with here is exactly the situation in Bullard. Bullard in the Supreme Court's decision recognized that sometimes there's not an effective right to appeal. You have to use the interlocutory appeal mechanism requiring a court order. That wasn't done here. The court said in Bullard- Why isn't modification interlocutory? It seems to me the plan has already been confirmed, so modification doesn't sound to me like it's something interlocutory. It seems like it came after confirmation, not before. If there had been a grant of modification, it would have been an absolutely final order. But given that modification is interlocutory- But why is it interlocutory? It doesn't seem- I don't understand that. I mean, there's already a plan in place, so this comes after the plan. You want to change the plan. Yes. That doesn't sound like it's interlocutory. Well, Your Honor, we may have a disagreement here that I can't overcome, but the idea is that until a modification actually takes place, there's the potential for other changes being The judge who hears that matter can hear it again, reconsider the decision, look at the changed facts, and enter an order of modification despite the fact that the earlier one had not been granted. So you have a debtor who loses a job, gets a downward modification based on decreased income. If that debtor who got the downward modification returns to a similar or higher paying job, a modification request could be granted under that situation. Exactly. Precisely. Now, if I go to the second ground for dismissal, it is the one that the court mentioned earlier. This case is over. No further relief can be granted. And the trustee actually, to a large extent, accepts that. They tell you that if their relief is sought, the debtor will automatically be in default. Two years of default under a Chapter 13 plan, facing thousands of dollars of default that would have to be cured immediately. And there's no way the order of modification could give the debtor any time to do that because a modification can't extend a plan beyond five years. So there are actually two separate grounds of mootness here. Modification is governed by Section 1329 of the Bankruptcy Code. Section 1329A.1 says that once the debtor has made the final payment, no modification can be made. Now, the Mace the case that the trustee relies on dealt only with that issue. And what the Mace the case held, Fifth Circuit, was that when the debtor files a motion, or anybody files a motion to modify the plan, there's a stay that goes into effect preventing the debtor from completing the plan payments. And that allows the bankruptcy judge to make a decision on the motion to modify before the final payment is made. Mace was a debtor who was trying to be far too clever. The debtor still has a number of months left to pay in the plan, but when the motion to modify is filed, the debtor makes a lump sum payment of everything that's due under the plan and then says, ha, bankruptcy judge, you can't modify now because I made the final payment. The Fifth Circuit says no. 1329A1 doesn't allow that kind of games playing. When the motion to modify from the trustee came into effect, a stay went into effect. No more payments come in, and therefore the judge can rule on the motion to modify without exceeding the limitation that's established by 1329A1. Fine. That wasn't done here. The bankruptcy judge did get to consider it. There was no final payment made before the bankruptcy judge could rule on the matter, and the judge denied modification. The second ground that limits modification is in 1329A3, and what that provides is that once 60 months, once five years have passed since the first payment is made, no further extension of time can be granted, no further modification can take place. So that happened here. It was not addressed in MESA whatever. So both of those factors limit the ability of any kind of effective relief in this case. Now, the final issue that I want to address, should the court want to address the merits of this case? I say again, as I said in the past, the court never held that increase in income could not result in a modification of a Chapter 13 plan. That's said repeatedly by the trustee. There is no reference, no quotation to any provision in that opinion that says modification cannot be based on an increase in income. What happened here is that in 2005, the bankruptcy code was amended to create a very special ground for confirmation of a plan. Section 1325B was amended to provide, in order to confirm a plan, a debtor who makes more than the median income would be subject to a means test to determine exactly how much the debtor would have to pay to unsecured by the court. So there's an automatic definition of how much a debtor has to pay since 2005. And when the bankruptcy court got this motion, the only ground that the trustee suggested for supporting modification was that there had been an increase in the debtor's income. Nothing else. They had an opportunity for a contested hearing. The trustee threw that possibility away and said, I'm going to submit this solely on an affidavit, a stipulation with the debtor indicating the amount of the net income increase. And that is what the bankruptcy judge held was an insufficient basis for modifying a plan. Unlike confirmation, when we've got this automatic formula for determining how much a debtor ought to pay, at modification, that does not apply. And that's the bulk of the court's decision. 1325B, the automatic increase doesn't apply to modification. What does apply? The bankruptcy court made that clear. She said, this is page 1617 of the bankruptcy court's opinion, pages 27 to 28 of the short appendix. When plan modification is sought by a trustee, the statutorily created test of good faith applies. And that's, I'm shortening the quotation quite a bit, but that's what it says. No code provision suggests that a debtor's current income and expenses, however determined, should simply be netted to decide if plan payments should be modified. So you agree then that a bankruptcy court can increase the debtor's payments based on an increase in income? Absolutely. And not only does the bankruptcy court opinion not say anything different from that, it cites, right after the quote I just read, in Ray Davis, which I'm somewhat familiar with because I wrote the opinion. But in Davis, what the 1325 allows all parties to object to inappropriate payment terms, whether excessive or inadequate, in proposed modification. The continued applicability of the good faith requirement and amounts and plan length proposed apply regardless of the party proposing the modification. So the test is good faith. And what's the difference with good faith? It requires, under this court's in Ray Love and in Ray Rimgale decisions, a consideration of the totality of the debtor's financial circumstances. Now my belief is, had the trustee understood the decision correctly and brought back to the bankruptcy court another motion seeking modification pointing out exactly what the totality of circumstances were, which would have included the debtor's divorce, their moving to Florida, the fact that one of the debtors was earning less than that debtor's expenses. If the debtor had been required to respond to that, who knows? Perhaps a motion to modify would have been granted. And because it was an interlocutory order, it was subject to reconsideration at any time. That is all the bankruptcy court held. I believe it was correct. And on that basis, should the court reach the merits, the decision ought to be affirmed. No other questions. I thank the court for its consideration. Thank you. Mr. Ciolmos. Thank you. I want to address some of the comments by Appellee's Counsel with respect to seeking a stay and the effect in this case. Had we sought a stay, the bankruptcy court's decision pending appeal, we're still in the exact same position that we're in now, which is the debtors have continued to pay $670 per month. They've paid a certain amount into their plan, which is more than was required, or just over what was required under their underlying Chapter 13 plan. District Court denies the modification. We're past the five-year mark. So really, the situation is almost exactly the same. The only difference is that the stay would mean that the trustee's modification was still technically the plan because disapproval was stayed. While if the Seventh Circuit or the District Court were to reverse the bankruptcy court's decision, the modification would once again become the plan. So it's really a very subtle distinction between a stay pending appeal and simply having the bankruptcy court decision reversed and vacated, because either way, under Section 1329b2, the trustee's motion to modify becomes the plan. So debtors would still be facing this massive shortfall, which isn't their fault, and that's true. But that doesn't change the fact that the bankruptcy court abuses discretion in denying the trustee's request for this higher dividend for general and security creditors. So what's the point of the stay? In this case, a stay pending appeal would not have a substantial effect overall. If the debtors had sought a discharge, we would have opposed the entry of the discharge on the basis that the payments were not completed when there is a pending appeal of a denied motion to modify. And again, in Mesa, it is true that the bankruptcy court erred in denying the modification on the basis of completion of payments solely. But once it was denied, when it got to the Fifth Circuit, it was the exact same situation. No stay of the bankruptcy court's decision denying modification, and the underlying plan was paid off. But the Fifth Circuit still heard the appeal and still vacated the bankruptcy court's decision, because even though the denial had been entered, and even though the payments were completed, and even though that denial had not been stayed, the court decision could still be reversed, because the trustee's modification could once again become the plan if denial was reversed as abuse of discretion. The district court also denied the trustee's motion to modify de novo. It did not hear clear error. It did not hear abuse of discretion. It said de novo. The bankruptcy court does not have authority to modify a plan based on increased income. Counsel for the appellate cites some references to Section 1325.83 within the opinion, and the Davis case. But again, the Davis case says that good faith is a standard to object to excessive payments. That means that that is not what this bankruptcy court decision was saying. The bankruptcy court said that we had to have the support of Section 1329B. If you look to her prior decisions, In re Coy, as well as the companion case of In re Powell, it's quite clear that no matter what happens to debtor's income, a plan modification can never be granted by a trustee if it's opposed by the debtor. This isn't just a matter of the trustee failing to show that it was based on increased income. If the trustee's motion to modify is brought under the limited circumstances of Section 1329A, and it complies with Section 1329B, and it does not ask that the plan be extended beyond five years, and we never have asked for the plan to be extended beyond five years, although there is an opportunity to incur a default, which is not a plan modification, then the court can exercise its discretion to grant or deny it. It doesn't have to. The disposable income test would say the court has to require these payments. We've never said these payments have to be required, but if we show that there's a substantial increase in income and that the modification would be feasible and complies with Section 1329B, the court can choose to exercise its discretion to grant the modification in whole or in part. It doesn't necessarily have to increase the payments. Thank you. All right. Thank you. The case will be taken under advisement.